THE TIGER LILY.*

(*District Court, E. D. New York.* November 14, 1882.)

1. NEGLIGENCE—PROOF OF DAMAGES.

    On a reference to ascertain the amount of damages resulting from negligence, the libelant is bound to prove not only the injuries sustained, but also the amount of money necessary to repair such injuries; and an estimate including repairs not proved to have been made necessary by the accident, cannot be taken as proof of the amount of damages.

2. COSTS ALLOWED.

    Where the libelant succeeded upon the issues, costs were allowed him, even though he recovered less than the amount claimed.

In Admiralty.

*Reported by R. D. & Wyllys Benedict.

*Oscar Frisbie,* for libelant.

*Scudder & Carter,* for claimant.

BENEDICT, D. J. The evidence introduced to show the cost of repairing the injuries to the libelant's boat is the estimate of the carpenter, Marshal. This estimate included repairs not proved to have been made necessary by the accident in question, and cannot therefore be taken as proof of the amount of the libelant's damages. The libelant was bound not only to prove the injuries sustained, but also the amount of money necessary to repair such injuries, and he has failed to prove any greater amount than that allowed. The commissioner correctly limited his report to the sum of $45, as the proof stands. The libelant's exceptions to the report are accordingly overruled.

The claimant's motion to be relieved from costs must be denied. The only ground for asking to be relieved from costs is that the libelant recovers less than the claimant offered to pay him before the institution of the suit. But no tender or offer to pay anything was made after the suit was commenced, and the case was strenuously contested upon the question of negligence. Upon that question the libelant recovers. There is not here a failure to succeed upon the principal questions put in controversy. In this case the libelant succeeds upon all the issues, but recovers less damages than he claimed. Moreover, to give him costs will do no injustice to the claimant, for the proofs indicate that the claimant's liability, limited as it is by this decision, will be less than it might have been under a different condition of the evidence.

Let a decree be entered for the amount reported due, with interest to date and costs.

See 11 FED. REP. 744.